

# NUMBER 13-17-00528-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

WILLIAM BANDA,                                                                Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 430th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION
### Before Justices Rodriguez, Contreras, and Benavides
### Memorandum Opinion by Justice Benavides

The State charged appellant William Banda with aggravated robbery, a first-degree felony.  *See* TEX. PENAL CODE ANN. § 29.03 (West, Westlaw through 2017 1st C.S.). Banda pleaded guilty without a plea bargain and the trial court found him guilty. Following a pre-sentence investigation, the trial court sentenced Banda to five years' imprisonment in the Texas Department of Criminal Justice–Institutional Division without

a deadly weapon finding.  Banda was granted the right to appeal since his sentence was not the result of a plea bargain with the State.  Banda's court-appointed appellate counsel has filed an *Anders* brief.  *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I.  *ANDERS* BRIEF

Pursuant to *Anders v. California*, Banda's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that the review of the record yielded no grounds of error upon which an appeal can be predicated.  *See id.*  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State* and *Kelly v. State*, Banda's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014).  Banda's appellate counsel also informed this Court that:   (1) Banda was notified that an *Anders* brief and a

2

motion to withdraw were filed[1]; (2) provided Banda with copies of both pleadings; (3) informed Banda of his rights to file a pro se response,[2] review the record preparatory to filing that response, and seek discretionary review if we conclude that the appeal is frivolous; (4) provided Banda with a copy of the appellate record; and (5) informed Banda that the pro se response, if any, should identify for the Court those issues which he believes the Court should consider in deciding whether the case presents any meritorious issues. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than adequate time has passed and Banda has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). After reviewing the entire record, we may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that we find no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–

---

[1] Banda's previous appellate counsel filed a motion with this Court requesting to withdraw and allowing the appointment of new counsel for Banda. We abated the appeal and remanded the case to the trial court, where the trial court allowed previous appellate counsel to withdraw, and new appellate counsel was appointed. Prior counsel's amended motion to withdraw and motion to appoint counsel were left pending before us awaiting the appointment of Banda's current counsel. Therefore, all pending motions are now denied as moot, following current counsel's appointment.

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether to case presents any meritorious issues." *See In re Schulman*, 252 S.W.3d 403, 407 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

27 (Tex. Crim. App. 2005). If we find arguable grounds for appeal, we may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

We have reviewed the entire record, counsel's brief, and we have found nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record.

Within five days of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Banda and advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex Parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### III. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of November, 2018.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id* R. 68.3, and should comply with the requirements of the Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.